AMOS UNDERWOOD, RESPONDENT, *v.* FRENCH & MOODY, APPELLANTS.

FORMER ADJUDICATION — RECORD CONCLUSIVE AS TO. — The defendants pleaded a former adjudication. Plaintiff replied that the matters adjudicated in the former action were not the same matters set up on the complaint in this action: *Held*, that it was error to permit the jurors in the former trial to testify that the cause of action in the pending cause was not passed upon by the jury in the former trial, it appearing from the record that it was in issue in the former action.

APPEAL from Polk County.

The facts are stated in the opinion of the court.

*B. Witten and W. W. Thayer,* for appellant:

. The court below erred in admitting parol testimony to explain the judgment and judgment-roll in the former action, the record itself being conclusive as the matters there tried.

In order to avoid the effect of the bar, the circuit court allowed the proof excepted to, and the jury therefore disregarded it. The ruling in effect allowed the plaintiff to split an entire demand. This was erroneous. Leaving out of this case the special damages for the wood-boat and the wood-chutes, the causes of action are identical, and if so, it was a complete bar. (2 Pars. on Cont., 234, note; Freem. on Judg., 246; 36 Cal. 28; 19 Wend. 207; 31 Wend. 381; Code, 255, sec. 726; 6 Hill, 54; Broom's Leg. Max., 330; 11 N. Y. 548: 42 Cal. 371; 16 Wend. 583.)

Even in cases of tort, a party cannot split an entire demand. (15 John. 432.) Recovery is a bar, notwithstanding part of the account was left out by mistake. (11 John. 530.)

Where a demand of a party has been submitted to the jury, and they see fit to disallow it, either for want of sufficient proofs or for any other cause, a verdict and judgment thereon is conclusive, and the same demand is forever barred. (16 John. 157; 2 Id. 210; 15 Id. 432.) All damages accruing from a single wrong, though at different times, make but one cause of action. It goes against actions for the same wrong, and against several actions on the same contract. (*Bendernayle* v. *Cocks,* 19 Wend. 215.) Parol testimony in courts of record is inadmissible to contradict the record. (3 Com. 173.)

*John C. Cartwright and N. H. Gates,* for respondent:

Respondent, by his attorneys, claims that the court below did not err in allowing parol evidence to rebut the record, or to explain the same, the question as to a former recovery was in issue, and was a question of fact for the jury to decide. (1 Greenl. on Ev., secs. 532, 533; 1 Hill, 540; 1 Kernan, 420; 2 Hill, 481; Civ. Code, 255, subd. 2, secs. 723, 726; 30 Cal. 229; 33 Cal. 74; Smith's Lead. Cas. 573,

668, 669, 670; 1 Cal. Dig., tit. estoppel; Freem. on Judg., 218, secs. 256, 257, 259, 273, 274; 17 Ala. 133; 26 Id. 594; *Doty* v. *Brown*, 4 Com. 71; *Davis* v. *Talcot*, 14 Bar. 511; Herman on Estoppel, secs. 73, 74.)

By the Court, WATSON, J.:

The errors assigned appear in the bill of exceptions. The complaint sets up a contract made between plaintiff and defendants, August 1, 1874, in which plaintiff agreed to furnish and deliver, and defendants agreed to receive and pay for, at Underwood's ferry, on the Columbia river, one thousand cords of fir wood, to be delivered daily, Sundays excepted, as needed by the defendants for the steamboat then owned and run by them on the Columbia river. Defendants agreed to pay for the wood so furnished three dollars and fifty cents per cord, in gold coin. Plaintiff entered upon the performance of the contract on his part, and at an expense of two hundred dollars constructed a dock or boat, and at an expense of seventy-five dollars constructed a chute, in order to deliver the wood. That he, before the twenty-sixth day of February, 1875, delivered to defendants under the contract four hundred cords of wood, which they received and paid for. That he has also received compensation for one hundred and eighty-three cords of wood, which was to have been delivered from February 27, 1875, to May 8, 1875. That on the eighth day of May, 1875, he had the balance of said wood, amounting to four hundred and seventeen cords in his possession at Underwood's landing, and was ready, and willing, and offered to deliver the same, but that defendants failed and neglected to receive or pay for it. He claims damages in the sum of fourteen hundred and fifty-nine dollars and fifty cents, for defendants' failure to receive and pay for the wood, and two hundred and seventy-five dollars for the dock and chute. The answer, with other defenses, alleges that on the eighth day of May, 1875, plaintiff commenced an action in the circuit court for Wasco county against defendants for the identical same cause of action, and to recover the damages claimed in this action in consequence of defendants' refusal

to receive said wood and termination of said agreement. That issue was duly joined in said action; and that at the June term, 1875, of said court, the cause was tried before the court and a jury, and plaintiff recovered a judgment therein against defendants for the sum of two hundred and seventy-four dollars and fifty cents, which judgment they plead as a bar to a recovery in this action.

Plaintiff, for a reply to so much of the answer as sets up a former adjudication, denies that the former action was for the same identical cause of action, or to recover the same damages claimed in this action, or that the damages claimed in this action were adjudicated or passed upon in said action. That the judgment therein was for different wood, and not for the four hundred and seventeen cords sued for in this action. That all the damages claimed in this action accrued after the commencement of the former action. At the trial defendants offered, and the court admitted in evidence, the complaint, answer, reply and journal entries in the former action described in the pleadings.

The defendants having rested their case, plaintiff introduced as a witness J. H. Shastain, who had been a juror in the former trial, and asked him the following question: "Did the jury in the case of *Amos Underwood* v. *D. M. French and Z. F. Moody*, tried in this court at the June term, 1875, assess the damages upon all the wood mentioned in that case in plaintiff's complaint, or only on one hundred and eighty-three cords thereof." The defendants objected, and their objection being overruled by the court excepted to the ruling.

The witness then stated in response to the question that the jury assessed damages on one hundred and eighty-three cords of wood only at one dollar and fifty cents per cord for the one hundred and eighty-three cords. Two other witnesses, also jurors, testified under like exception substantially the same as Shastain. The jury found a verdict in favor of the plaintiff for the sum of nine hundred and thirty-five dollars and seventy-five cents, and the court rendered a judgment for plaintiff in accordance with the verdict. Defendant appeals to this court. The only error

assigned is that the court erred in permitting the witness Shastain to testify that the jury only assessed the plaintiff's damages upon one hundred and eighty-three cords of wood. The defendants, to sustain their plea of a former adjudication, had introduced the record of the former trial.

It is clear from a mere inspection of the record that the same cause of action was presented in the former action as in the one now under review. The same contract is set up; the same breach is relied upon and the same damages are claimed. In the former action the entire claim was controverted by the answer; issue was joined and a trial had, and a verdict and judgment rendered in favor of the plaintiff.

The complaints in each action claim damages for defendant's failure to receive and pay for all of the balance of the one thousand cords of wood not paid for before May 8, 1875. The only difference is that plaintiff in this action undertakes to give defendants credit for the amount recovered in the former judgment as a payment for one hundred and eighty-three cords of wood, and that he claims in addition damages for the dock and chute constructed to enable him to carry on the business of delivering the wood. This damage certainly accrued before the commencement of the former action, and no evidence was offered to show that it was not considered in that action.

An inspection of the record leaves no doubt that the damages for defendant's failure to receive and pay for all the wood claimed for in his complaint in this action were adjudicated in the former action.

Can parol evidence be properly admitted to contradict the record, and show that matters directly put in issue by the pleadings in the former action were not considered by the jury in finding their verdict in that action? We think not. The plaintiff having presented his entire claim in ths former action, and defendant having controverted it, and the issues joined having been tried, he should not in this action be permitted to show by parol evidence either that he failed in his evidence in that action, or that the jury did not try the issues they were sworn to try, or did not consider the evidence offered. (Freeman on Judg., sec. 272.) To

admit parol evidence to show that what is clearly shown by the record to have been in issue was not in fact tried, would be to contradict the record by parol evidence. (Freeman on Judg., sec. 275.)

Parol evidence is admitted to identify the subject-matter, where an inspection of the whole record leaves it doubtful whether the same subject-matter was passed upon (2 Greeenlf. on Ev., sec. 532), but not to contradict the record where it is not doubtful.

The principle contended for in this case would go further than merely to show that an issue joined by the pleadings was not tried by the evidence, and would seek to show not was presented to the jury, but what was considered by them. No case cited by counsel or found by us goes that length.

Such a rule would permit every case once tried to be tried over again as often as a part of the jurors who tried it could be found to testify that some of the issues submitted to them were not considered in their deliberations. It is further open to the objection that it admits the evidence of the jurors to impeach their own verdict.

The judgment of the court below will be reversed.