THOMAS PRICE, PLAINTIFF IN ERROR, V. LANCASTER COUNTY, DEFENDANT IN ERROR.

1.  County not Liable for Taxes Paid by Treasurer to State, School Districts, etc. Where a county treasurer collects and pays over taxes for the state and for school districts and other municipalities less than and within the county, such county is not liable to the tax payer for such taxes, even if illegally levied, and this would be true whether he sought to recover back such taxes under the provisions of the revenue law or as a general creditor of the county.

2.  Limitation: STATUTE NOT APPLICABLE TO DELINQUENT TAXES. The statute of limitations prescribing the time within which a civil action may be brought under the code of civil procedure, has no reference to the time within which delinquent taxes may be collected by distress, and is not applicable thereto.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*N. C. Abbott*, for plaintiff in error.

*Walter J. Lamb*, for defendant in error.

REESE, J.

The plaintiff in error filed his petition in the district court, in which he seeks to recover certain taxes paid to the county treasurer for the years 1873 to 1881, inclusive. It is alleged that the county treasurer, on the 12th day of December, 1882, wrongfully levied upon the personal property of plaintiff, and was proceeding to collect the taxes by distraint, when he paid the amount demanded, under protest, for the purpose of preventing a sale of the property. He soon afterwards filed his claim with the county commissioners, asking that the money be refunded. The amount paid was $412.53. The county board refunded $25, and disallowed his claim as to the remainder. He then appealed to the district court, where defendant demurred to his petition. The demurrer being sustained, he prosecuted error to this court.

The first count, or cause of action, in the petition—after setting out the taxes levied against him for the various years—alleges, that of the taxes so paid by him the amount for the years 1873, 1874, 1875, and 1877, was $182.53, and that " there was no assessment of said property by any assessor of said precinct; that there was no certificate or oath of any assessor attached to or returned with any pretended assessment roll of said precinct for any of said years to the county clerk or commissioners of said county, and that the commissioners had no authority or jurisdiction to levy any tax whatever upon any of the property of the plaintiff." It is also alleged that " all of said property so pretended to have been assessed was, during all the years herein mentioned, situated in Nemaha precinct in said county of Lancaster, and the plaintiff was during said time a resident of said precinct."

If a cause of action is stated in this count of the petition it must depend upon the clause which seeks to avoid the assessment, for it is not claimed the property was not taxable. It seems to us that the clause referred to is entirely too indefinite. It is alleged there was no assessment by any assessor of the precinct, but in the same sentence it is alleged that there was no oath attached to the assessment roll. If there was no " assessment of the property by any assessor of the precinct " that fact might avoid an assessment; or if there was an assessment, but the oath was not taken by the assessor and returned with the assessment, that fact should be stated.

But, however that may be, the county could not be held for the repayment of the taxes collected for the state or any of the municipalities less than the county. *B. & M. R. R. Co. v. Buffalo Co.*, 14 Neb, 51. If plaintiff seeks to recover by a compliance with section 144 of the revenue law of 1879, he must be limited to the provisions of section 145, Ch. 77, Compiled Statutes, which prohibits the refunding of taxes unless it appears that they were levied for an illegal or unauthorized purpose, or that the property had been twice assessed in the same year, or was not liable to taxation. The petition contains no allegation covering any of these conditions, except as to certain bond taxes, and it is shown that a greater amount was allowed by the board than this tax amounted to, presumably with reference to it. If the provisions of section 144 are limited by the words " hereafter levied " to taxes levied after the act took effect, then plaintiff would derive no benefit from it, as the taxes referred to were all levied prior to the taking effect of the act—September 1st, 1879—so that either with or without these provisions we cannot see that the action could be maintained, as our attention has been called to no prior law permitting the refunding of taxes.

The principal contention of plaintiff is based upon another count or paragraph of his petition, which alleges, in

substance, that more than four years had elapsed after the taxes became due and before the levy was made by the officer, and that during all of said time the plaintiff had personal property in the county, from which the same might have been collected, and that therefore the claim was barred by the statute of limitations.

We are unable to see that this statute applies to the case. No distinction appears to have been made between real and personal property taxes by the law in force at the time these taxes were levied. Taxes were declared to be a perpetual lien upon the real estate upon which they were levied, and no provision is found where the right to collect is affected by the lapse of time. No demand was necessary, and it was the duty of the owner of the property to attend at the treasurer's office and pay his taxes. The statute of limitations is by its terms limited to civil actions under the code of civil procedure, and we cannot see that the right to collect delinquent taxes could be in any manner affected thereby.

But plaintiff insists that he is not seeking to recover under any of the provisions of the revenue law, but upon the ground that "defendant has money in its possession belonging to plaintiff that he has wrongfully and illegally been forced to pay, and that he has a general right of recovery for the amount thereof." We are unable to agree to this proposition. The county was made by law the agent of the state as well as of the lesser municipalities within the county, for the collection of the taxes due them. If we abandon all the provisions of the revenue law for the refunding of taxes, and all statutes giving the commissioners the right to refund it, we leave the commissioners without authority to act, and the appellate court could gain no jurisdiction by the appeal. Furthermore, the taxes other than county taxes could in no sense be said to be a claim against the county.

It follows that the decision of the district court in sus-

taining the demurrer was correct, and the judgment of dismissal must be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.