A. B. SLATER ET AL., APPELLANTS, V. JAMES SKIRVING ET AL., APPELLEES.

FILED MARCH 17, 1897. No. 8565.

1. **Res Judicata:** EFFECT OF JUDGMENT: ESTOPPEL. There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action upon a different claim or cause of action. In the former case a judgment on the merits constitutes an absolute bar to a subsequent action, not only as to every matter offered and received to sustain or defeat the claim but as to any other admissible matter which might have been offered for that purpose. But where the second action is upon a different claim or demand, a judgment in the prior action operates as an estoppel only as to those matters in issue upon the determination of which the finding or verdict was rendered. *Cromwell v. County of Sac*, 94 U. S., 351, followed.

2. ———: EVIDENCE OF ISSUES. Where the record leaves it uncertain as to what issues were adjudicated, extrinsic evidence is admissible in another action for a different object to show on what issue or issues the first case was determined. But extrinsic evidence is not admissible to contradict the record.

3. ———: ESTOPPEL: EVIDENCE. A party may not present issues for determination and avoid the effect of an estoppel by withholding proof thereof.

4. ———: ———: ———. Therefore, where a plaintiff alleges several facts the proof of any one of which entitles him to judgment, and there is a general finding against him, it will be conclusively presumed that each fact so averred was determined against him.

5. ——. Judgment by default was rendered against A and others. At a subsequent term they filed a petition under section 602 to vacate the judgment on the ground that it had been irregularly obtained; that the petition stated no cause of action, and that it had been procured through a fraud upon the jurisdiction of the court. This petition was dismissed on a general finding against petitioners. They then brought an original action to enjoin against the enforcement of the judgment on the ground that it was void, alleging the same matters. *Held,* That each of the matters pleaded in the former proceeding being pertinent to such a proceeding, the judgment in that case made them *res judicata* here.

6. Default: JUDGMENT. Where a defendant is in default the allegations of the petition are to be taken as true against him, except allegations of value and amount of damage; and if the petition states a cause of action, the plaintiff is entitled to judgment without proof except as to the quantum of damages.

APPEAL from the district court of Holt county. Heard below before KINKAID, J. *Affirmed.*

*H. M. Uttley* and *W. S. Summers,* for appellants.

*M. F. Harrington* and *J. J. Harrington, contra.*

IRVINE, C.

Skirving brought an action in the district court of Holt county against Slater, Savage & Kelley and one Kemp. A summons was served on Kemp in Holt county, and another, issued to Douglas county, was there served on Slater, Savage & Kelley. Kemp appeared and answered. Slater, Savage & Kelley, who had been sued as a copartnership, appeared specially and procured the service as to them to be quashed. Skirving then amended his petition so as to make the individuals composing the firm of Slater, Savage & Kelley parties defendant, and another summons was issued to Douglas county and there served upon them. Subsequently judgment was rendered by default against Slater, Savage & Kelley, the cause being continued as to Kemp. Slater, Savage & Kelley at the following term of court filed a petition to vacate the judgment under section 602 of the Code of Civil Procedure.

The court dismissed this petition and the case was brought to this court by petition in error, where the judgment of the district court was affirmed. (*Slater v. Skirving*, 45 Neb., 594.) The statement of the case in that opinion is quite full, and reference may be made to it for further facts. After the affirmance of that judgment the present action was instituted as an original action to enjoin the enforcement of the first judgment, on the ground that it is void. The former petition alleged, in brief, as reasons for vacating the judgment, that it was irregularly obtained, that the petition stated no cause of action, and that jurisdiction was obtained by fraud upon the court and upon these plaintiffs. The present petition alleges these same matters, simply with more detail; and further, that the original judgment was procured by perjury. The defendants in this action, by their answer, among other things plead *res judicata*, the judgment dismissing the petition to vacate the original judgment being relied on as an adjudication of the matters here pleaded. It is on this question that the argument chiefly turns.

A circumstance on which some stress is laid in one brief, and of which complaint is made in the other, is that this court in its opinion in the former case referred to the petition as "a petition in equity." This phrase was inadvertently used. An examination of the opinion shows that the case was treated as it was in fact, a proceeding under section 602 of the Code to vacate the judgment. That is a proceeding in the original action, and not a distinct action. (*Iler v. Darnell*, 5 Neb., 192.) We therefore consider this case from the standpoint of the plaintiffs, regarding it not as a proceeding for the same object as the former, instead thereof treating the former proceeding as one supplementary to the original case, merely to vacate the judgment, and this as an original action appealing to the general equity powers of the court to relieve against a void judgment. In another point, also, we proceed from the standpoint of the plaintiffs,

and adopt as a correct expression of the law the language
of Mr. Justice Field in *Cromwell v. County of Sac*, 94 U. S.,
351: "It should be borne in mind, as stated by counsel,
that there is a difference between the effect of a judgment
as a bar or estoppel against the prosecution of a second
action upon the same claim or demand, and its effect as
an estoppel in another action between the same parties
upon a different claim or cause of action.  In the former
case the judgment, if rendered upon the merits, consti-
tutes an absolute bar to a subsequent action.  It is a
finality as to the claim or demand in controversy, con-
cluding parties and those in privity with them not only
as to every matter which was offered and received to
sustain or defeat the claim or demand, but as to any
other admissible matter which might have been offered
for that purpose.  *  *  *  But where the second ac-
tion between the same parties is upon a different claim
or demand, the judgment in the prior action operates
as an estoppel only as to those matters in issue or points
controverted, upon the determination of which the find-
ing or verdict was rendered."  In considering this case
in the light of that rule we shall assume for present
purposes, without now deciding, first, that the purpose
and object of this proceeding are so far different
from the purpose and object of the former proceeding
that this is to be regarded as an action based on another
cause;  second, that, therefore, no matter not actually
litigated in the former proceeding was adjudicated
thereby by implication so as to prevent its determination
here.   On the other hand, it follows from the rule stated
that any issue in fact litigated and adjudicated between
the parties in the former proceeding was so adjudicated
therein as to estop the parties from relitigating it here.
Proceeding on these lines, it will be observed by reference
to the former opinion that in that proceeding there were
actually litigated and therein determined the questions
now presented as to whether the original judgment was
rendered during term time or at a time when the court

was actually in session, and whether there was presented such a case of casualty or surprise as to justify relief against the judgment. These matters having been in fact litigated, their determination in the former case adversely to the plaintiffs here bars them from again presenting such matters for determination, because there can be no doubt that the matters complained of justified an order vacating the judgment under the powers conferred by section 602 of the Code, and such matters were not only litigated in the former proceeding, but they were pertinent.to that proceeding and properly there determined.

In the former proceeding these plaintiffs also pleaded the facts which they now claim operated as a fraud upon them and upon the jurisdiction of the court. While, perhaps, such a fraud would render the judgment void, and, therefore, open to collateral attack, and if so, perhaps the plaintiffs were not compellable to assert such facts in their former petition, and might have reserved them for use in a collateral attack, still there can be no doubt that they constituted "an irregularity in obtaining the judgment," and "fraud practiced by the successful party in obtaining the judgment." These are both grounds for vacating a judgment under section 602 of the Code. The facts now pleaded with regard to the fraud were, therefore, properly pleaded in the former proceeding, and had they been proved, would have compelled a judgment in favor of these plaintiffs.

The proof offered in this action in support of the plea of *res judicata* consists merely of the pleadings, the judgment having been admitted by the reply in form as pleaded in the answer. This judgment recites that evidence was adduced and contains a general finding "that the facts alleged in the petition of plaintiffs are not true." The general principles governing the pleading and proof of former judgments as estoppels are now quite well settled by so long a line of authorities that it is useless to review them. Generally speaking, in order that a judg-

ment in one action shall operate as an estoppel in a second action, it must be made to appear not only that there was a substantial identity of issues, but that the issue as to which the estoppel is pleaded was in the former action actually determined; and where the record is uncertain, parol evidence is admissible to show what issues were determined in the former suit (see the learned note of Messrs. Hare & Wallace to the Duchess of Kingston's case, in their edition of Smith's Leading Cases), and we think that while the authorities are conflicting, their greater weight is in favor of the view that the burden of proof is upon the party pleading the estoppel to establish the fact of the adjudication by extrinsic evidence if necessary, and not upon the other party to show that an issue which might have been adjudicated was not.  But we conceive that sound principle requires that the record should be conclusive so far as it goes, and that extrinsic evidence must be confined to supplementing the record. No evidence is admissible to contradict it.  To illustrate: If in the former action the defendant interposed two different pleas and recovered a general verdict, extrinsic evidence would be admissible to show that the verdict was based on one only of these pleas, and that the matter involved in the other plea was not adjudicated, because such evidence merely explains the record, the defendant being entitled to judgment if either of his pleas was good.  Again, if the plaintiff sues on two counts stating different causes of action, and the judgment is of such a character that it may have been based on only one count, it is proper to show upon which it was in fact based.  But, on the other hand, if the defendant files two pleas, either of which would be good if proved, and the judgment was for plaintiff, then the record shows that both pleas must have been determined adversely to defendant, and to permit extrinsic evidence to show that one plea was abandoned would not supplement the record, but would contradict it.  Now, in this case the plaint-

iffs alleged several facts.   If they proved any one of these
the original judgment should have been vacated.   There-
fore, a general finding against them necessarily involved
a determination adversely to the plaintiffs of each one of
those facts.   The plaintiffs could not avoid the effect of
the estoppel merely by failing to introduce evidence in
support of the particular averment in question. . If they
did not desire an adjudication of that issue they should
have amended their petition and struck out the averments
in support thereof.   But the record on these facts requir-
ing an adjudication of this issue in order to justify the
judgment rendered, the plaintiffs are bound, whether or
not they saw fit to offer evidence in the former action.
(*Ramsey v. Herndon*, 1 McLean [U. S.], 450; *Fisk v. Miller*,
20 Tex., 579; *People v. Supervisors of San Francisco*, 27
Cal., 655; *Underwood v. French*, 6 Ore., 66; 2 Smith, Lead-
ing Cases [8th ed.], p. 924; Freeman, Judgments, sec.
272.)   In the text-book cited the author intimates that
the English rule is to the contrary, and that a party may
avoid the effect of an estoppel merely by showing that
while he pleaded facts which, if proved, would have re-
sulted in a different judgment, he withheld all evidence
tending to prove such facts.   The cases cited do not sup-
port that view.   The leading case is *Seddon v. Tutop*, 6
Term Rep. [Eng.], 607.   In that case reliance was not
placed on a former determination of the same issue in the
pleader's favor.   The plea was a former recovery by the
adverse party.   It clearly appeared that while the plaint-
iff had taken a default in an action of assumpsit, wherein
he had declared in one count upon a promissory note and
in another for goods sold and delivered, he had on the
inquisition proved only the note.   The second action was
for the goods.   The court held that the first judgment
was not a bar.   It needs no argument to point out the
distinction between pleading a former recovery by one's
adversary and pleading a former adjudication in one's
favor, but notwithstanding this distinction, *Seddon v.
Tutop* has been severely criticised in later cases, and the

opinion of Lord Kenyon in that case discloses that he was striving for a technical reason to support what he states to be the clear justice of the case. *Hadley v. Green,* 2 Tyr. [Eng.], 390, and *Deacon v. Great Western R. Co.,* 6 U. C. C. P., 241, are also cases where the plea was former recovery, and are distinguishable upon the same grounds as *Seddon v. Tutop.* We hold that inasmuch as these plaintiffs in the former proceeding pleaded the facts they now allege, and inasmuch as proof of those facts would have resulted in a determination in their favor, the finding and judgment having been against them, the record conclusively establishes an adjudication of the present issues whether or not any evidence was offered in the former case in support of the issues.

This leaves for consideration merely the allegation that the former judgment was procured by perjury. This was not pleaded in the former proceeding, and assuming as we do, that this is an action for a different object and that it comes within the second branch of the rule in *Cromwell v. Sac County,* the plea of *res judicata* will be assumed not well taken on this issue. But it appears from the record that the original judgment was rendered against these plaintiffs by default. It was held in the former case that the petition stated a cause of action against them. There was, therefore, nothing in issue except the amount of damages, while the perjury now pleaded relates not to the amount of damages, but to the cause of action. The cause of action stood confessed when the judgment was rendered, and while perhaps testimony was taken in support thereof, still the judgment could not have been procured by perjury, because no evidence was necessary to entitle the plaintiff to judgment. There is no implied denial of the allegations of the petition except as to the allegations of value. If an answer had been filed, every averment in the petition not controverted by the answer would be taken as true. (Code of Civil Procedure, sec. 134.) While we are aware that in some quarters an impression prevails that on default

it is necessary for the plaintiff to prove his cause of action, this impression is unfounded in law. If it were true, a failure to answer would operate as a general denial and a party answering would be in a worse plight than one in default. The necessity for proof on default arises only from the last provision of section 134, that allegations of value or of amount of damages shall not be considered as true by failure to controvert them. Except as to the amount of damages Skirving was, on the default of the defendants in the original action, entitled to judgment without evidence, and the record therefore shows that judgment could not have been based on false or perjured testimony except as to its amount, to which it is not alleged that the perjury related. It follows that the judgment of the district court must be

AFFIRMED.