S. D. MERCER COMPANY, APPELLANT, v. CITY OF OMAHA ET AL., APPELLEES.

FILED APRIL 5, 1906.  No. 14,228.

1. **Judgment**: RES JUDICATA. The rule is well settled, both in this state and elsewhere, that a judgment is an estoppel only as to those matters actually in issue and tried and determined in the action in which it is rendered.

2. **Limitation of Actions.** Section 16 of the code is applicable to ordinary civil actions only.

3. **Cities**: ASSESSMENT: RELEVY. The Omaha charter of 1897 (Comp. St. 1897, ch. 12a, sec. 192) contained sufficient authority for the relevy of a special assessment which was attempted to be levied under a former act, but failed because of irregularity in procedure.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*W. A. Saunders* and *Albert Swartzlander,* for appellant.

*Harry E. Burnam* and *I. J. Dunn, contra.*

22

AMES, C.

In 1893 the legislature enacted a statute commonly called the "Omaha Charter," by which that city was empowered to create sewer districts and to construct sewers, and for the purpose of providing funds for the payment of the cost of the same to levy special assessments upon abutting property to the extent of the benefits accruing to it therefrom. By this statute it was enacted that, whenever any taxes or special assessments levied in any former year should remain uncollected by reason of any defect, error or irregularity or lack of power in making a levy of the same, the mayor and council should have power to relevy the same upon the same assessment upon which such former levy was attempted to be made, and that such new levy should be in lieu and stead of the former levy. Comp. St. 1893, ch. 12a, sec. 94. In conformity with this statute a sewer district, including certain property of the plaintiff, was created and a sewer constructed therein, and proceedings were had by which the amount of special benefits accruing to the property was ascertained, and thereupon an attempt was made to levy a special tax or assessment upon the property for a corresponding amount. In 1897 the charter was repealed and another enacted in its stead which contains the following provision: "The provisions of this act shall not be so construed as to impair or affect the validity of any tax or assessment heretofore made or levied under the acts by this act repealed, but all such taxes and assessments shall be and remain as valid and binding as if this act had not been passed, and shall be collected and enforced in the manner provided, or which may hereafter be provided by law for collecting and enforcing the same." Comp. St. 1897, ch. 12a, sec. 192.

In 1898, after the new act had gone into effect, the plaintiff begun an action in the district court to enjoin the collection of the tax and to cancel the same of record, alleging as reasons therefor two grounds: First, that the property was not benefited by the sewer and that the city was

therefore without right, power or authority to make the levy; and, second, that the mayor and council had undertaken to exercise their powers in so defective and irregular a manner as to render their action ineffectual and void. If the city had been wholly without power, any procedure in the matter by the mayor and council, however formal it might have been, would have been quite nugatory, and the particular sins of omission and commission of which it was accused in the petition would have been immaterial. There was an answer and a reply, and a trial and findings and a decree for the plaintiff perpetually enjoining the tax complained of. Among the findings was a general one that all the allegations of the petition were true. But it is clear that among such allegations the court did not intend to include the conclusion of law that the mayor and council were without power, jurisdiction or authority to levy any taxes upon the property of the plaintiff to defray the cost of improvement, because the court further found especially and inconsistently with that conclusion that "no sufficient or legal notice was given of any meeting of the city council as a board of equalization" of assessments in said sewer district, in so far as the property of the plaintiff was affected thereby, and that therefore an ordinance assuming to levy the tax complained of was, in so far as it purported to affect that property, null and void. And the decree was carefully and explicitly limited to an annulment of the taxes attempted to be levied by that ordinance, and to perpetually enjoin any future attempt at collecting such taxes, and to adjudging the title of the plaintiff quieted against the same.

It is, we think, quite clear from an inspection of the findings and decree themselves that all that the court adjudged, or intended to adjudge, was that the mayor and council had proceeded irregularly and unlawfully, which is equivalent to an adjudication, or at least implies, that it was within their competence to proceed regularly and lawfully. The rule is well settled, both in this state and

elsewhere, that a judgment is an estoppel only as to those matters actually in issue and tried and determined in the action in which it is rendered. *Wilch v. Phelps*, 16 Neb. 515; *Slater v. Skirving*, 51 Neb. 108; *Packet Co. v. Sickles*, 5 Wall. (U. S.) 580; *Russell v. Place*, 94 U. S. 606; 1 Herman, Estoppel and Res Judicata, sec. 252.

The foregoing action did not finally terminate until March 3, 1902, and on the 11th day of the same month proceedings were begun by the mayor and council to equalize and relevy the tax in the manner provided by statute, when this action was begun in which it is sought to restrain them from so doing. There was a judgment below for the defendant dismissing the bill and the plaintiff appeals. Appellant argues three grounds for reversal: First, that the matter is adjudged by the former suit; we have already given our reasons for thinking that contention is not sound. Second, that the procedure is barred by the statute of limitations, but he cites no statute having applicability to it. Section 16 of the code has exclusive reference to ordinary civil actions. *Price v. Lancaster County*, 18 Neb. 199. Third, that the act of 1897 repeals the former charter without saving clause, and that therefore the right of the city to levy the tax in question has been taken away. But we think the above quoted clause from the new charter is a sufficient saving clause. The mayor and council have begun the proceeding, sought to be enjoined, for the purpose of enforcing and collecting an assessment attempted to be made under the former act, but which did not fail and was not assailed until after the enactment of the new, and it is provided that the repeal shall not impair or affect the validity of any assessment theretofore made, but that such procedure may be had for its enforcement as the new law provides. The language employed is not the most accurate that could have been chosen, but there is no doubt in our minds about the legislative intent, which should, of course, be carried into effect.

It is recommended that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.