LYMAN RICHARDSON ET AL., APPELLANTS, V. CITY OF OMAHA ET AL., APPELLEES.

FILED JANUARY 5, 1907. No. 14,374.

1. Cities: ASSESSMENTS: RELEVY: NOTICE. Under the provisions of the statute of 1893, when it was proposed to equalize the benefits to, and relevy and assess special taxes against, a part only of the property benefited by a public improvement, notice to the owners of other property benefited, who had paid taxes formerly assessed to their property on account of benefits arising from the same improvement, was not required.

2. ———: ———: INJUNCTION. The city council of the city of Omaha will not be restrained from passing an ordinance levying special taxes, equalized by it, when sitting as a board of equalization, in the absence of proof of fraud, gross injustice or mistake in such equalization.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*H. W. Pennock,* for appellants.

*Harry E. Burnam, I. J. Dunn, John P. Breen* and *W. H. Herdman, contra.*

EPPERSON, C.

In 1892 the city of Omaha established sewer districts Nos. 164, 166 and 172, in each of which the plaintiffs owned several tracts of land. In the same year sewers were constructed in each of said districts as provided by law, and the city authorities, to pay the expense thereof, attempted to levy a special tax upon all real estate benefited by such improvements. Later, in an action brought by the plaintiffs herein, the court declared such pro-

ceedings irregular on account of a defect in the notice of the sitting of the city council as a board of equalization at the time such levy was attempted, and restrained the defendants and the city treasurer from collecting the taxes thereby levied against all the property of the plaintiffs. The evidence herein discloses that all the taxes then levied, except that charged to plaintiff's property, had been paid prior to the proceedings herein complained of. Prior to the sitting of the city council as a board of equalization in June, 1902, it caused a notice to be published, in substance, that it would sit as a board of equalization, commencing June 10, for the purpose of considering and equalizing the proposed levy of special taxes and assessments as shown by proposed plans of assessments prepared by the city engineer; said special taxes and assessments proposed to be levied being necessary to cover the cost of special improvements duly authorized to be made and now completed as follows: To cover the partial cost of constructing sewer in sewer district No. 164, said partial cost amounting to the sum of $659.73, which sum it is proposed to assess upon the lots and real estate specially benefited by reason of said sewer construction as follows (here follows a description of plaintiffs' property in sewer district No. 164). Said notice contained similar provisions pertaining to districts Nos. 166 and 172. Depending upon this notice, the city council as a board of equalization recommended that there be levied against the plaintiffs' property, and each tract thereof, the amount of taxes recited in the notice (the amount named being only a small portion of the total cost of the sewer in each district).

Plaintiffs' principal contention is that the public notice of said proposed equalization was directed only against the property of the plaintiffs, and no notice was served on or directed to the owners of the other property benefited by, and within, the sewer districts in controversy, alleging that by reason of this failure of notice to the property owners the said board of equalization had no juris-

diction to authorize assessments in either of said districts. Section 161, ch. 12a, Comp. St. 1901, which plaintiffs contend was not complied with by the city council, is as follows: "All special taxes to cover the cost of any public improvements herein authorized shall be levied and assessed on all lots, parts of lots, lands and real estate bounding, abutting or adjacent to such improvement, or within the district created for the purpose of making such improvement, to the extent of the benefits to such lots, parts of lots, lands and real estate by reason of such improvement, such benefits to be determined by the council sitting as a board of equalization, after publication of notice to property owners as herein provided, and in cases where the council sitting as a board of equalization, shall find such benefits to be equal and uniform, such assessment may be according to the foot frontage, and may be prorated and scaled back from the line of such improvement according to such rules as the board of equalization shall consider fair and equitable; and all such assessments and findings of benefits shall not be subject to review in any legal or equitable action, except for fraud, gross injustice or mistake."

The principal question to be determined in this case is whether or not, under the terms of this section, the notice given to the plaintiffs was sufficient to confer upon the city council jurisdiction to determine the amount of benefits to the plaintiffs' property by reason of the construction of the sewers, and to determine the amount of taxes for which said property was liable. It must be borne in mind that the proceeding complained of was one for reassessment, and not the original assessment of the property. All other interested property owners submitted to the assessment made by the city council in their levy, which on the suit of the plaintiffs herein was found to be irregular. Other property owners had waived the irregularity of the former levy and had, prior to the reassessment of plaintiffs' property, paid the amount

thereof. There was no necessity of serving notice upon them of the proposed reassessment of plaintiffs' property, nor can we see the propriety of such a notice, when it was not proposed to reassess their property, and no action affecting their rights was contemplated. It was decided in the case of *Mercer Co. v. City of Omaha,* 76 Neb. 289, that the city council had the power to reassess property to pay the expenses of such improvements. Under section 161, *supra,* it will be noted that the jurisdiction of the board vests only after publication of notice to property owners. And in an original levy, when all property benefited is to be assessed and the liability equalized, we have no doubt that all property owners must be notified of the proposed equalization. But on a reassessment of a part only of the property benefited, and after the liability of the other property has ceased, it would be unnecessary to give notice to such property owners, either that their assessments would be equalized, or that the liability of the plaintiffs' property would be determined. The proposition simply was to determine the liability of the plaintiffs' property and to equalize, so far as it was concerned, the amount of the special taxes. We are satisfied that the notice given was sufficient to give the council jurisdiction over the plaintiffs' property, determine its liability, and to assess against the same a just proportion of the expenses. If such proceedings were unjust, the plaintiffs had their remedy by direct proceedings to review the action of the city council.

2. Plaintiffs contend that the city council equalized the assessment by attempting to charge their property according to the foot-frontage rule, without making a finding that all property concerned was equally benefited. The determination of the matter, as shown by proof of the proceedings had by the city council, is found in this language: "Resolved, that it is the final determination of the city council sitting as a board of equalization that levies of special taxes to cover the cost of the several improvements referred to in said notice, to the extent of the

special benefits accruing to the property by reason of such improvements, and as shown by the plans of proposed levies prepared by the city engineer, approved by the board of public works, and now on file in the office of the city clerk, should be made in accordance with said plans, the several lots and pieces of real estate therein described being specially benefited to the full amount in each of said proposed levies." Whether or not the foot-frontage rule was followed does not appear in the minutes of the city council. The plans for the assessment before the city council were introduced in evidence upon the trial of this cause, from which the inference may be had that the foot-frontage rule was followed; but from the body of the resolution it was determined that the plaintiffs' property had been benefited to the extent of the levy made and should be taxed accordingly. In *Morse v. City of Omaha,* 67 Neb. 426, it is said: "Where the council fails so to find, a taxpayer with notice, dissatisfied with the rule per foot-frontage adopted, should cause such action to be reviewed, and on failure so to do he will not, in a proceeding to enjoin the collection of such tax, be heard to say that the tax is void." The case at bar was instituted to enjoin the city council from passing an ordinance levying a special assessment as equalized or established by the board of equalization; but, as jurisdiction was acquired, the proceedings of the board of equalization, in the absence of proof of fraud, gross injustice or mistake, which was neither alleged nor proved, should not be disturbed.

The judgment of the district court denying the plaintiffs the relief prayed for should be affirmed, and we so recommend.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.