WILLIAM G. WEIR ET AL, APPELLANTS, V. SIMEON WOODRUFF ET AL., APPELLEES.

FILED FEBRUARY 16, 1922. NO. 21888.

Judgment by Default. Where the defendants are in default in an action to quiet title to real estate, the allegations of the petition against them will be taken as true, and, if the petition states a cause of action, plaintiff is entitled to judgment without making proof of the allegations of the petition.

APPEAL from the district court for Nuckolls county: RALPH D. BROWN, JUDGE. Reversed, with directions.

F. H. Stubbs, for appellants.

H. A. Brubaker, contra.

Heard before MORRISSEY, C. J., ALDRICH and FLANS-BURG, JJ., HOSTETLER and MORNING, District Judges.

MORRISSEY, C. J.

This is an action to quiet title to real estate, based upon a claim of adverse possession for the full period required by law to vest the occupant and claimant with title by prescription. Service was had by publication. The court found that the service was regular in every respect; that the time for answer and appearance of each defendant "is long past, and that none of said defendants have answered or appeared herein, but that all are in default." A default was entered against each defendant.

Plaintiffs filed a motion praying for judgment on their petition. This motion was overruled and plaintiffs took an exception. "The court thereupon requests counsel for plaintiffs to proceed and introduce evidence in support of the allegations of the petition filed herein, but counsel for plaintiffs declines so to do and insists to the court that plaintiffs are entitled to a decree by default, in accordance with the prayer of the petition." Plaintiffs refused to offer or introduce any evidence, whereupon the court dismissed the action. From this ruling plaintiffs appeal.

The sole question presented is: Were the appellants entitled to a decree without offering evidence in support of the allegations of their petition? In support of their claim to a judgment on the pleadings, plaintiffs cite section 7702, Rev. St. 1913, and *Slater v. Skirving,* 51 Neb. 108. In *Slater v. Skirving, supra,* in a discussion of the subject, this court said: "While we are aware that in some quarters an impression prevails that on default it is necessary for the plaintiff to prove his cause of action, this impression is unfounded in law. If it were true, a failure to answer would operate as a general denial and a party answering would be in a worse plight than one in default. The necessity for proof on default arises only from the last provision of section 134 (of the Code; Rev. St. 1913, sec. 7702), that allegations of value or of amount of damages shall not be considered as true by failure to controvert them." And in the syllabus of that case the court held:

"Where a defendant is in default the allegations of the petition are to be taken as true against him, except allegations of value and amount of damage; and if the petition states a cause of action, the plaintiff is entitled to judgment without proof except as to the quantum of damages."

. In a brief *amicus curiæ* our attention is directed to the fact that the author of *Slater v. Skirving, supra,* afterwards wrote the chapter on equity in 16 Cyc., and at page

495 thereof announces the general rule to be that on orders *pro confesso* the court may in its discretion require proof, and that proof is required as against infant defendants, and against nonresidents served constructively who do not appear. And we are urged to adopt the general equity rule laid down in 16 Cyc. 495; it being argued that the case of *Slater v. Skirving, supra,* was a law action, while this is a suit in equity. The answer to this argument is that distinctions between actions at law and suits in equity have been abolished. Rev. St. 1913, sec. 7560.

It being essential to the orderly adminstration of justice that the rules of procedure be fixed and stable, we adhere to the rule heretofore established and hold that it was error for the court to refuse to enter judgment in favor of plaintiffs upon their petition. The judgment is reversed and the cause remanded, with directions to enter judgment in accordance with this opinion.

REVERSED.